

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

    v.

SHAWNTA BROWN,

        Defendant.

**REPORT AND**
**RECOMMENDATION**
13-CR-6006 EAW(JWF)

## Factual Background

Before the Court is a motion by defendant Shawnta Brown to suppress the results of photographic array identification procedures that were conducted by law enforcement on August 12, 2013, August 20, 2013 and September 2, 2013. A suppression hearing was held on May 29, 2015, during which the defendant was represented by attorney Gary Muldoon, Esq. Rochester Police Officer Jennifer Morales was the sole government witness at the hearing. The defendant did not present any evidence.

After the proof was closed the Court read into the record a detailed oral Report and Recommendation setting forth its findings of fact and conclusions of law with respect to the defendant's motion to suppress the results of the identification procedures. The Court held that neither the array at issue nor the manner in which the array was utilized by Officer Morales was unduly suggestive. Accordingly, it was the Court's Report and Recommendation that the defendant's motion to suppress be

1

denied. The Court informed counsel that it would file a very brief written Report and Recommendation (R&R) confirming the ruling it had just placed on the record. The Court also informed counsel that the defendant's time to file objections would not commence until the confirmatory R&R had been filed. Before Court adjourned on May 29, 2015, Mr. Muldoon raised a potential conflict of interest issue with respect to his representation of the defendant. The government did not believe there was a potential conflict and the Court directed all counsel to brief the conflict issue.

On June 4, 2015, Mr. Muldoon filed a letter setting forth the nature of the potential conflict (Docket #191) and requested that independent counsel be appointed to advise Mr. Brown on the conflict issue. Pursuant to Mr. Muldoon's request, the Court appointed Bryan Oathout, Esq. to advise the defendant on the conflict issue. On June 19, 2015, all counsel, including conflict counsel, and the defendant appeared before the Court. The Court was advised that the defendant did not want to have Mr. Muldoon represent him any further and requested new appointed counsel. The Court granted the defendant's request. The Court appointed Mark D. Funk, Esq. as new counsel for the defendant, and on June 25, 2015 all counsel and the defendant appeared before the Court for a status conference. Mr. Funk requested an adjournment of the case to be able to review the

file and discuss the matter with the defendant and the government.

On July 21, 2015, the parties appeared before the Court for a further status conference. Upon the request of Mr. Funk, the Court agreed to delay issuing the confirmatory written R&R on the defendant's motion to suppress the identification procedures until after Mr. Funk had the opportunity to review the suppression hearing transcript and supplement the arguments made by Mr. Muldoon at the conclusion of the May 29, 2015 hearing. The Court ordered that the defendant's supplemental brief was to be filed no later than three weeks after the hearing transcript was filed.

After being informed that the hearing transcript was never filed, the Court directed all counsel to appear on January 7, 2016 for a conference with the Court. At the conclusion of the conference, the Court directed Mr. Funk to file any supplemental briefing forthwith. On January 10, 2016, the defendant filed a Memorandum of Law (Docket #202) supplementing the arguments made by the defense at the conclusion of the suppression hearing.

### Report and Recommendation

The Court has reviewed the supplemental Memorandum of Law filed by the defense on January 10, 2015, as well as the Oral Report and Recommendation set forth on the record on May 15,

3

2015. The Court can discern no reason to alter its previous Oral Report and Recommendation. The Due Process Clause of the Fifth Amendment entitles individuals accused of crimes to protection against the use of evidence derived from unreliable identification procedures, including photographic displays. Moore v. Illinois, 434 U.S. 220, 227 (1977); Dunnigan v. Keane, 137 F.3d 117, 128 (2d Cir. 1998). In general, a pretrial photographic identification procedure violates due process if the procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Curry v. Burge, No. 03 Civ. 0901, 2004 WL 2601681, at *20 (S.D.N.Y. Nov. 17, 2004), quoting Simmons v. United States, 390 U.S. 377, 384 (1968).

Having reviewed the photographic array used by Officer Morales in the identification procedures, I find that it is not impermissibly suggestive and that the individuals pictured in the array have characteristics similar to the defendant in terms of race, age, weight and facial hair. See United States v. Thai, 29 F.3d 785, 808-09 (2d Cir. 1994) (where photo array contained people of the same sex, race, hair color and approximate age, the array was not unduly suggestive). Any minor differences in the photographs are insufficient to cause the array to be impermissibly suggestive. See, e.g., United States v. Gibson, 135 F.3d 257, 260 (2d Cir. 1998) (even if

4

defendant's picture was the only one in the array with a goatee, court found it would not be unduly suggestive); United States v. Taveras, No. 94 Cr. 766, 1995 WL 600860, at *6-7 (S.D.N.Y. Oct. 11, 1995) (even though defendant was the only partially bald person in the photo array, it was not unduly suggestive). Nor do I find that the procedures utilized by Officer Morales in showing the arrays to the identifying witnesses to be unduly suggestive or improper. See United States v. Rosa, 11 F.3d 315, 330 (2d Cir. 1993) (where the photographic array was not impermissibly small and the government did not suggest any names or particular photos, the manner of the presentation was proper).

## Conclusion

For the above reasons, it is my Report and Recommendation that the defendant's motion to suppress the identification procedures be **denied**. Any objections to the undersigned's Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. Should the defendant file objections to the Report and Recommendation, the Government shall order a transcript of the May 29, 2015 suppression hearing for review by Judge Wolford.

This Court reserves the right to edit the Report and Recommendation portion of the transcript for case citation accuracy.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: January 14, 2016
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   January 14, 2016
         Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).

7