UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

SHAWNTA BROWN,

              Defendant.
_____

DECISION AND ORDER

6:13-CR-6006 EAW

Defendant Shawnta Brown ("Defendant") is charged in a 14-count superseding indictment, along with his brother and co-defendant Kenya Brown, with various drug-related crimes. (Dkt. 174). All pretrial matters were referred to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B). (Dkt. 70). Presently at issue before the Court is a motion to suppress identifications filed by Defendant on May 4, 2015. (Dkt. 188). Defendant challenged the results of photographic array identification procedures that were conducted by law enforcement with three separate witnesses on August 12, 2013, August 20, 2013 and September 2, 2013. A "six-pack" photo array was used during each identification session, containing six photographs of African-American males. The same photo array was used during each session.

An evidentiary hearing was conducted on May 29, 2015, before Magistrate Judge Feldman, at which Rochester Police Officer Jennifer Morales was the sole witness. (*See* Dkt. 208-1). On January 14, 2016, Magistrate Judge Feldman issued a Report and

Recommendation recommending that the Court deny Defendant's motion to suppress identification evidence. (Dkt. 203).

Pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1), the parties had 14 days after being served a copy of the Report and Recommendation to file objections. On January 23, 2016, Defendant filed objections to the Report and Recommendation. (Dkt. 204). The Government filed its Response to Defendant's Objections on February 11, 2016. (Dkt. 208).

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Defendant focuses on three arguments in his objections:

(1) Defendant contends that the array itself was unduly suggestive because Defendant's skin complexion is different than the other participants in the photo array

and Defendant is more heavy-set than the others in the array, and Defendant's photo array was shown to the witnesses after an array containing his brother and co-defendant (Kenya Brown), and thus "the familial resemblance made it more likely that Defendant Shawnta Brown would be selected." (Dkt. 204 at 3-4);

(2) Defendant contends that the instructions provided by Investigator Morales were not constitutionally sufficient because although Investigator Morales instructed the witnesses that the suspect may or may not be in the array, she did not specifically tell the witnesses that they should not feel compelled to make identification. (*Id.* at 4-5); and

(3) Defendant contends that Investigator Morales' request of two witnesses (on August 20, 2013 and September 3, 2013) to write down the names or nicknames that they knew Defendant to use made the procedures unnecessarily suggestive. (*Id.* at 5).

The Court has reviewed the Report and Recommendation (Dkt. 203), the amended transcript of the May 29, 2015 suppression hearing (Dkt. 208-1) (which includes Judge Feldman's Oral Report and Recommendation, which was ultimately memorialized in the written Report and Recommendation), the photo arrays at issue (marked as Government Exhibits 2, 4, and 5 at the hearing on May 29, 2015, and submitted by the Government directly to the Court), and the filings previously made in the case, including Defendant's Objections and the Government's Response. Based upon that *de novo* review, the Court accepts the Report and Recommendation of Magistrate Judge Feldman for the reasons set forth in Magistrate Judge Feldman's Report and Recommendation (Dkt. 203), including as explained on the record by Judge Feldman at the hearing on May 29, 2015, and for the reasons set forth below.

With respect to Defendant's argument concerning the photographs being impermissibly suggestive, the Court agrees with Judge Feldman's analysis. The other individuals pictured in the array have complexions similar and different than Defendant's in terms of darkness/lightness, but all appear to have similar racial complexions, and the differences in the shades of some of the complexions of some of the individuals depicted does not render the photo array unduly suggestive. In addition, Defendant's argument that he is "more heavy set" than the other individuals pictured is simply not supported by a review of the photo array. In any event, minor differences among the individuals' weights or other characteristics depicted in the photographs does not render the array impermissibly suggestive.[1] *Roldan v. Artuz*, 78 F. Supp. 2d 260, 271 (S.D.N.Y. 2000) (holding that weight differences among individuals in lineup did not make identification procedures unduly suggestive, as there "'is no requirement that a suspect in a lineup be surrounded by people identical in appearance.'") (citation omitted). *See United States v. Wong,* 40 F.3d 1347, 1359-60 (2d Cir. 1994) ("'[w]hen the appearance of participants in a lineup is not uniform with respect to a given characteristic, the 'principal question' in determining suggestiveness is whether the appearance 'of the accused, *matching descriptions given by the witness,* so stood out from all the other[s] . . . as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'") (citation

---

[1] Indeed, as the Government points out in its Response, the instant array contains the same photographs that were previously upheld as non-suggestive by Magistrate Judge Feldman and District Judge Siragusa (who was previously assigned to this case) in connection with Defendant's prior motion to suppress that was at issue in a May 20, 2013 suppression hearing (Dkt. 127, 133; *see* Exhibit 5 from May 20, 2013 hearing, provided to the Court by the Government under separate cover). The photographs were in a different order in that photo array, but the photographs are the same.

omitted) (alterations in original). The Court also agrees with Judge Feldman's rejection of the argument concerning the familial resemblance between Defendant and his brother, and finds that first showing a photo array containing Kenya Brown did not render the identification procedure with respect to Defendant Shawnta Brown unnecessarily suggestive.

In addition, the Court disagrees with Defendant's argument that Investigator Morales was required to specifically instruct the witnesses that they "should not feel compelled to make an identification." The Court sees no distinction between using that specific language and providing the instruction that was given by Investigator Morales, that the witness "may or may not know any of the individuals in the photo array" and "if she did recognize anyone, to let me know." (*See, e.g.,* Dkt. 208-1 at 22:5-9). The decision in *New Jersey v. Henderson*, 208 N.J. 208 (2011) does not compel a different result. In fact, based on the Court's review of that decision, even if that New Jersey state court decision was applicable to a federal court sitting in the Second Circuit, it does not stand for the proposition that somehow failing to specifically instruct a witness that they "should not feel compelled to make an identification" renders the process constitutionally deficient. *Id.* at 250.

Finally, there was nothing improper about Investigator Morales asking the witnesses at the sessions on August 20, 2013, and September 3, 2013, to identify the names used by the individual who was identified. At both sessions, the witnesses unequivocally identified Defendant (Dkt. 208-1 at 19:18-19 (Investigator Morales testified that upon being shown Government Exhibit 4, the witness "immediately pointed

to No. 4 and said 'that's Shawn.'"); *id.* at 22:16-19 (Investigator Morales testified that upon being shown Government Exhibit 5, the witness "pointed to photograph No. 4 and stated that was Shawn."). The Court does not agree that these requests by Investigator Morales can be equated with a remark such as "job well done." Rather, they are typical police investigative procedures. *See United States v. Leonardi*, 623 F.2d 746, 755 (2d Cir. 1980) (requiring automatic exclusion whenever post-identification communications occur "would be incompatible with other necessary police procedures which indirectly signal a witness that he has selected the person under investigation . . . [such as] a witness may be asked to give a sworn statement, or else to appear before a grand jury, or to aid the police in other ways, all of which might confirm the 'correctness' of . . . [the] choice."). Moreover, even where improper post-identification remarks are made, they do not render the identification procedure automatically excludable, particularly where the identification is unequivocal. *See United States v. Thai*, 29 F.3d 785, 810 (2d Cir. 1994) ("if the original identification was strong and unequivocal, such misguided post identification remarks or actions will not render it invalid or preclude a subsequent in-court identification.").

For the foregoing reasons and the reasons set forth in the Report and Recommendation, Defendant's motion to suppress the results of the identification procedures is in all respects denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 3, 2016
Rochester, New York