UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

SHAWNTA BROWN,

        Defendant.

**ORDER**

6:13-CR-06006 EAW

---

Pending before the Court is a motion filed by defendant Shawnta Brown (hereinafter "Defendant") asking "to be release[d] home till this COVID-19 is over," which the Court interprets as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 320).[1]  The Government opposes Defendant's motion. (Dkt. 322).

The compassionate release statute, as amended by the First Step Act, provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are

---

[1] To the extent that Defendant is asking the Court to grant him temporary release during the COVID-19 pandemic, the Court lacks the authority to do so. In other words, the Court's authority under § 3582(c)(1)(A) is limited to permanently reducing Defendant's sentence—it may not grant a temporary release from custody of the Bureau of Prisons. *See United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3-4 (S.D.N.Y. Apr. 8, 2020).

- 1 -

>applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). This Court has concluded that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, not a jurisdictional prerequisite, but its exhaustion requirements are nonetheless mandatory and may not be excused by the Court except under limited circumstances. *See United States v. McIndoo*, __ F. Supp. 3d __, 2020 WL 2201970, at *5-9 (W.D.N.Y. May 6, 2020); *United States v. Wen*, No. 6:17-CV-06173, __ F. Supp. 3d __, 2020 WL 1845104, at *4-7 (W.D.N.Y. Apr. 13, 2020). One such limited exception is where the Government waives the exhaustion requirement, as it has done in other cases, both within and outside this Circuit, including in this District. *See, e.g.*, *United States v. Pinkerton*, No. 15-cr-30045, 2020 WL 2083968, at *1 (C.D. Ill. Apr. 30, 2020); *United States v. Park*, No. 16 cr. 473 (RA), Dkt. 73 at 3 (S.D.N.Y. Apr. 24, 2020); *United States v. Thorson*, No. 5:16-CR-00017-TBR, 2020 WL 1978385, at *2 (W.D. Ky. Apr. 24, 2020); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020); *United States v. Jason Haynes*, Case No. 6:18-CR-6015, Dkt. 271 at 1 (W.D.N.Y. Apr. 14, 2020); *United States v. Knox*, No. 15-cr-445 (PAE), Dkt. 1088 at 1 (S.D.N.Y. Apr. 10, 2020); *United States v. Gentille*, No. 19-cr-590 (KPF), Dkt. 34 at 8 (S.D.N.Y. Apr. 9, 2020); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2 (S.D.N.Y. Apr. 6, 2020); *United States v. Jespen*, No. 19-cr-73 (VLB), Dkt. 41 at 1 (D. Conn. Apr. 1, 2020); *United States v. Marin*, No. 15-cr-252-8 PKC, Dkt. 1326 (E.D.N.Y. Mar. 30, 2020); *United States v. Powell*, No. 94-cr-316 (ESH), Dkt. 98 at 1 (D.D.C. Mar. 28, 2020); Notice of Joint Submission by USA,

*United States v. Doostdar*, No. 18-cr-255 (PLF), Dkt. 129 at 2 n.1 (D.D.C. Apr. 3, 2020). However, in this case, the Government contends that it would be "imprudent" to prevent the Bureau of Prisons from considering Defendant's request. (Dkt. 322 at 3).

The record before the Court establishes that Defendant has failed to comply with the administrative exhaustion requirements and submit a request for release, in the first instance, to the warden of the facility where he is housed. To be clear, the Court is not suggesting that it agrees with the Government's contention that mandating a 30-day waiting period in the face of this pandemic is prudent—indeed, as far as the Court is concerned, it is not. However, the Court cannot disregard the statutory language, and the Government has not waived compliance. Therefore, Defendant's motion (Dkt. 320) is denied without prejudice. Defendant must first file a request for compassionate release with the warden of the facility where he is housed—after thirty (30) days he may then seek judicial intervention regardless of whether he has received a response from the warden or otherwise exhausted his administrative remedies. In any subsequent motion, Defendant should provide proof of compliance with the statutory administrative exhaustion requirements.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:     May 26, 2020
           Rochester, New York