UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                **ORDER**

SHAWNTA BROWN,                  6:13-CR-06006 EAW

              Defendant.

On April 30, 2020, defendant Shawnta Brown ("Defendant") submitted a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 320), to which the Government responded on May 18, 2020 (Dkt. 322). On May 26, 2020, the Court denied Defendant's motion without prejudice for failure to comply with the statutory administrative exhaustion requirement. (Dkt. 323). Section 3582(c)(1)(A) provides that Defendant may make such a motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court advised Defendant that he could renew his motion upon providing the Court with proof of compliance with the statutory administrative exhaustion requirements. (Dkt. 323 at 3).

After entry of the May 26, 2020, Order, the Court received a submission from Defendant, replying to the Government's response to his motion for compassionate release. (Dkt. 324). In the reply, Defendant represents that on May 8, 2020, he sent an electronic message to the warden of Federal Correctional Institution, Fort Dix—where Defendant is

- 1 -

presently incarcerated—requesting compassionate release, and that the warden "has neither acknowledged receipt of that request nor has he responded to it." (Dkt. 324 at 2-3). Because more than 30 days have lapsed since Defendant purportedly requested compassionate release from the warden, the exhaustion requirements of § 3582(c)(1)(A) no longer appear to operate to bar the Court's consideration of a motion for compassionate release.

Accordingly, the Court interprets Defendant's most recent submission as a renewed motion for compassionate release, and the Clerk of Court is instructed to re-designate Defendant's reply (Dkt. 324) as a renewed motion for compassionate release. The Government shall respond to the motion for compassionate release on or before June 22, 2020. In addition, the Court requests a response from the Probation Department setting forth its position with respect to Defendant's motion. Upon receipt of all the papers, the Court will notify the parties if oral argument is deemed necessary; otherwise, the matter will be deemed submitted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   June 8, 2020
         Rochester, New York